UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

JOHN E. SARGENT, As Executor of }
the Estate of LOUISE SARGENT, }
 }
    Plaintiff, }
 }
 }   CASE NO. CV 96-B-2344-NW
v. }
 }
COMBINED INSURANCE }
COMPANY OF AMERICA, et al., }
 }
    Defendants.

ENTERED
JUN 3 0 1997

## MEMORANDUM OPINION

Currently before the court are the Motion to Remand and the Motion for Fees and Costs filed by plaintiff Louise Sargent. Plaintiff argues that the case is due to be remanded because the court does not have subject matter jurisdiction. Defendants counter that the court does have subject matter jurisdiction because plaintiff's claims require interpretation of federal law and because federal law completely preempts the state law claims brought by plaintiff. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that the motion to remand is due to be granted and the motion for fees and costs is due to be denied.

### BACKGROUND

Plaintiff filed her complaint in the Circuit Court for Colbert County, Alabama on March 8, 1996. The complaint alleges that an agent of Combined Insurance Company of America ("Combined") sold plaintiff an insurance policy providing for hospitalization and disability coverage when he or she should have known that the policy would provide little or no benefit to plaintiff because plaintiff was entitled to Medicaid and Medicare benefits. (Compl. ¶ 6). The

18

complaint asserts claims under ten different counts. Specifically, Count I alleges "Fraudulent Misrepresentation"; Count II, "Negligent Misrepresentation"; Count III, "Suppression in the Sale of the Hospitalization Policy"; Count IV, "Suppression in the Sale of the Disability Policy"; Count V, "Improper Hiring, Supervision, Retention, and Failure to Monitor Actions of Officers, Agents and/or Employees"; Count VI, "Conversion"; Count VII, "Breach of Fiduciary Duty"; Count VIII, "Unjust Enrichment"; Count IX, "Deceit,"; and Count X, "Oppression."

The essence of this series of counts is that the defendants knew, or should have known, that plaintiff was entitled to Medicaid and Medicare benefits and, therefore, did not need the insurance policies sold to plaintiff because the policies "duplicated the Medicare and/or Medicaid benefits." (*See id.* ¶¶ 30, 39). Thus, plaintiff alleges that defendants "intentionally, deliberately, willfully, consciously, wantonly, knowingly, oppressively, maliciously, grossly and/or recklessly" made false representations to plaintiff (or failed to inform plaintiff otherwise) that the policies were necessary and would provide coverage to the plaintiff, when in fact the policies were duplicative of Medicaid or Medicare benefits to which plaintiff was entitled. (*See, e.g., id.* ¶ 20). All the torts alleged in the complaint stem from defendants' alleged misrepresentations and failure to inform. For example, the count alleging improper hiring and training asserts that defendant Coppock was unqualified to serve as plaintiff's agent and that the resulting misrepresentations with regard to the policies issued to plaintiff were in part due to this lack of qualification and Combined's and Mack Pyle's failure to properly train Coppock. (*See id.* ¶¶ 45-49). Each of plaintiff's claims relies on state law as grounds for the cause of action, and none of plaintiff's claims asserts a cause of action under federal law.

2

Defendants removed this action on September 9, 1996. Defendants asserted in their Notice of Removal that the action was not removable on the face of the complaint at the time it was filed. (Notice of Removal ¶ 1). Defendants contend, however, that during discovery depositions around August 26, 1996, it became apparent to the defendants that plaintiff had raised "a number of federal questions sufficient to confer jurisdiction on this Court." (*Id.* ¶ 1). Furthermore, defendants assert that plaintiff's claims were completely preempted by the recently passed Health Insurance Portability and Accountability Act of 1996. Plaintiff filed her Motion to Remand on September 16, 1996.

## DISCUSSION

Plaintiff challenges defendants' removal of this action on the grounds that the removal was untimely and that federal subject matter jurisdiction does not exist. The court will address the untimeliness of the removal in the course of examining defendants' two bases on which they argue the court's subject matter jurisdiction rests--namely, interpretation of federal law and complete preemption.[1]

### I. Resolution of Plaintiff's Claims Would Require Interpretation of Federal Law

Defendants contend that the court has jurisdiction over this action because plaintiff has raised a number of federal questions sufficient to confer jurisdiction on the court. According to the defendants, resolution of the case at bar will require interpretation of at least the Medicaid statute and a comparison of that statute with 42 U.S.C.A. § 1396a(a)(25)(H) (West Supp. 1997), which defendants assert prohibits consideration of an insured's Medicaid status in issuing

---

[1] Defendants do not contend that diversity jurisdiction exists. Thus, the court need not consider that basis for jurisdiction.

insurance. Furthermore, defendants contend that in considering the plaintiff's contention that she was required to assign all benefits from defendants' policy to the Alabama Medicaid Agency, the court will be required to consider federal statutes and regulations, namely 42 U.S.C.A. § 1396a(a)(25)(A) & (B) & (I) (West Supp. 1997) and 42 C.F.R. § 433.135 *et seq.* Upon consideration, the court is of the opinion that defendants' first ground for removal--interpretation of a federal statute--is insufficient to confer subject matter jurisdiction on the court.

As an initial point, plaintiff asserts that removal on this basis was untimely. Defendants counter that the removal of this action under this theory was timely because its removability was not apparent at the time the complaint was filed. Defendants assert that although the action was not removable on the face of the complaint, the action became removable when plaintiff first signaled, during discovery, that she was raising federal questions. Thus, the question is whether the ground for removal urged here by defendants should have been apparent on the face of the complaint. The court need not decide this issue today, however. Although the court suspects that removal on this first basis was untimely, it need not consider the timeliness of removal because the court has otherwise concluded that it does not have jurisdiction under defendants' first theory.

Plaintiff's claims sound primarily in state tort law and none of her claims is based on a violation of federal law. Defendants claim, however, that federal jurisdiction exists here because plaintiff's tort claims will require interpretation of federal law. Defendants apparently assert that plaintiff must prove that the insurance policies sold to plaintiff do "duplicate" some coverage provided by Medicaid or Medicare in order to recover under any of her state-law theories. Thus, according to defendants, an examination of federal Medicare and Medicaid law is necessary to determine the benefits to which plaintiff is entitled. The court interprets this argument as an

4

assertion that the court has jurisdiction because plaintiff's claims "aris[e] under" the laws of the United States. *See* 28 U.S.C. § 1331. Defendants' contention here is without merit.

Perhaps the simplest definition of "arising under" is Justice Holmes's: "A suit arises under the law that creates the cause of action." *See Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Plaintiff's causes of action were all created by state law so they do not fall within Justice Holmes's definition of "arising under." The Supreme Court has also stated, however, that even though state law created a plaintiff's cause of action, a "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that [plaintiff's] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13.

In essence, the "well-pleaded complaint" rule states that federal jurisdiction must be determined from the plaintiff's statement of her claim and not from any part of the complaint that is in anticipation of defenses that the defendant might raise. *See id.* at 10. "Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim." *Id.* (citations omitted). Defendants' argument, however, does not assert that the Medicaid or Medicare statutes provide a defense but that the potential need to interpret those statutes in resolving the present litigation creates a basis for federal jurisdiction. Thus, the question is whether interpreting those statutes will "require[] resolution of a substantial question of federal law in dispute between the parties." In short, the answer is no.

5

Although plaintiff's claims may require some interpretation of the Medicare or Medicaid statutes, the claims will not require resolution of a substantial question of federal law as that phrase has been interpreted by the Supreme Court. In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), the Court recognized that a case might arise under federal law "'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Id.* at 808 (citing *Franchise Tax Board*, 463 U.S. at 9). The court noted, however, that the "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of [ERISA], but we nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow*, 478 U.S. at 809. Thus, the Court concluded that although one of the plaintiffs' state-law causes of action alleged negligence in violating a provision of the Food, Drug, and Cosmetic Act ("FDCA"), the court held that, "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817 (citation omitted).

The present case is similar to *Merrell Dow* except that the argument for federal jurisdiction is weaker in this case. Neither plaintiff nor defendants have argued that a federal remedy is available to plaintiff under the Medicare or Medicaid statutes for the harms alleged here, and the court is of the opinion that such a remedy does not exist.[2] *See Wright v. Combined Ins. Co. of*

---

[2] 42 U.S.C.A. § 1395ss(d)(3)(A)(i) (West Supp. 1997) makes it unlawful to sell a health insurance policy to an individual entitled to benefits under part A or enrolled under part B of that subchapter, "with knowledge that the policy duplicates health benefits to which the individual is otherwise entitled under this subchapter or subchapter XIX of this chapter."

6

*Am.*, 959 F. Supp. 356, 364 (N.D. Miss. 1997). Furthermore, plaintiff's claims do not allege a violation of a federal statute as an element of a state-law cause of action. Plaintiff's claims may require the interpretation of a federal statute, but not a determination of whether or not it has been violated. Thus, the inquiry here is less "substantial" than the one in *Merrell Dow*. Hence, the fact that the court might have to interpret the Medicare or Medicaid statutes does not confer subject matter jurisdiction on the court. *See Wright*, 959 F. Supp. at 364; *see also Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (holding that prisoner's state law claims against his former attorney for malpractice, negligence and breach of contract did not give rise to federal jurisdiction even though interpretation of law regarding the Eighth Amendment to the U.S. Constitution might be necessary in resolving plaintiff's claims), *cert. denied*, 117 S. Ct. 1349 (1997).

## II. Complete Preemption

Defendants' second argument is that the allegations in plaintiff's complaint are completely preempted by provisions of the Health Insurance Portability and Accountability Act of 1996 § 271, 42 U.S.C.A. § 1395ss(d)(3)(A) (West. Supp. 1997) ("the Act").[3] Defendants contend that

---

*Id.* § 1395ss(d)(3)(A)(i)(I). The statute provides for criminal and civil penalties for violations of that provision. *Id.* § 1395ss(d)(3)(A)(ii). Defendants (who, as the removing parties have the burden of proving the court's jurisdiction, *see Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)) have not pointed to any language of this statute or otherwise that suggests that the preceding provisions give rise to a private cause of action. Congress has specifically provided for a private cause of action under other sections of the Medicare statute, *see, e.g.*, 42 U.S.C.A. § 1395y(b)(3)(A), and the absence of such a specific provision under 42 U.S.C.A. § 1395ss(d)(3)(A) suggests to the court that no private cause of action for violation of the provisions of clause (i) exists under federal law.

[3] The Act was passed on August 21, 1996, *see* Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 1996 U.S.C.C.A.N. (110 Stat.) 1936, and this action was removed on September 9, 1996. Because the removal notice was filed within 30 days of the passage of the Act, the removal on this theory was not untimely. *See* 28 U.S.C. § 1446(b).

7

plaintiff's allegations are preempted by two specific provisions of the Act. The first provision states:

> For purposes of this subparagraph, a health insurance policy (other than a Medicare supplemental policy) providing for benefits which are payable to or on behalf of an individual without regard to other health benefit coverage of such individual is not considered to "duplicate" any health benefits under this subchapter; under subchapter XIX of this chapter, or under a health insurance policy, and subclauses (I) and (III) of clause (i) do not apply to such a policy.

42 U.S.C.A. § 1395ss(d)(3)(A)(iv) (West Supp. 1997). The second provision on which defendants rely states:

> A State may not declare or specify, in statute, regulation, or otherwise, that a health insurance policy (other than a Medicare supplemental policy) or rider to an insurance contract which is not a health insurance policy, that is described in clause (iv), (v), or (vi)(III) and that is sold, issued, or renewed to an individual entitled to benefits under Part A or enrolled under part B "duplicates" health benefits under this subchapter or under a Medicare supplemental policy.

*Id.* § 1395ss(d)(3)(A)(viii)(II). Defendants also argue that the "limitation on legal action" section of the Act also preempts a state-law action such as the one brought by plaintiff. That section states:

> (2) LIMITATION ON LEGAL ACTION.--Subject to paragraph (3), no legal action shall be brought or continued in any Federal or State court insofar as such action--
> (A) includes a cause of action which arose, or which is based on or evidenced by any act or omission which occurred, during the transition period; and
> (B) relates to the application of section 1882(d)(3)(A) of the Social Security Act [42 U.S.C. § 1395ss(d)(3)(A)] to any act or omission with respect to the sale, issuance, or renewal of any health insurance policy that is described in clause (iv) or (v) of such section (as amended by subsection (a)).

Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, § 271(c)(2), 1996 U.S.C.C.A.N. (110 Stat.) 1936, 2036.

As noted above, under the well-pleaded complaint rule, the presence of a federal defense to a state-law cause of action, including the defense of preemption, does not ordinarily confer jurisdiction upon a federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). Complete preemption, however, is an "independent corollary" to the well-pleaded complaint rule that transforms an ordinary state-law cause of action into one stating a federal claim where the preemptive force of the federal statute is extraordinary. *Id.* at 393; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Where complete preemption exists, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

In the present case, the face of the complaint and the plain language of the Act certainly suggest that defendants could raise the defense of preemption.[4] Complete preemption, however, requires **extraordinary** preemptive force, and such force is not present in the Act. In fact, the Act states that, "[s]ubject to subclause (II), nothing in this subparagraph shall restrict or preclude a State's ability to regulate health insurance policies, including any health insurance policy that is described in clause (iv), (v), or (vi)(III)." 42 U.S.C. § 1395ss(d)(3)(A)(viii)(I). Although subclause (II), quoted above, does apparently prohibit a state from declaring that a policy "duplicates" the benefits provided by Medicare, neither the Act nor the statute as a whole "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *See Metropolitan Life*, 481 U.S. at 65.

---

[4] The court expresses no judgment about the actual viability of that defense, however. The merits of any defense raised by defendants will be for the state court to decide.

9

Complete preemption is necessarily rare. Only two areas of federal law are generally recognized as completely preempting state-law claims--§ 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. *See Metropolitan Life*, 481 U.S. at 63-64, 65. Section 301(a) of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (1994). Section 502(f) of ERISA states: "The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." 29 U.S.C. § 1132(f). The statute at issue in the present case does not contain such a jurisdictional provision.

Furthermore, in considering the completely preemptive nature of ERISA, the Supreme Court stated that the legislative history consistently represented Congress's "clear intention to make § 502(a)(1)(B) suits brought by participants or beneficiaries federal questions for the purposes of federal court jurisdiction in like manner as § 301 of the LMRA." *Metropolitan Life*, 481 U.S. at 66. The Court went on to say,

> the touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress. Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction. In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court.

10

*Id.* In concurring, Justice Brennan noted that the Court's decision was a narrow one and stated, "[i]n future cases involving other statutes, the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court." *Id.* at 67-68 (Brennan, J., concurring).

The Act does not contain any such clear congressional intent that suits brought under state law be completely preempted by the provisions of § 271 of the Act. In fact, the Act shows exactly the opposite congressional intent; § 271 specifically states that subject to a prohibition from declaring that a policy duplicates Medicare benefits, "nothing in this subparagraph shall restrict or preclude a State's ability to regulate health insurance policies . . . ." 42 U.S.C.A. § 1395ss(d)(3)(A)(viii)(I). Thus, the court is of the opinion that the Act does not completely preempt the state-law claims brought by plaintiff and that federal jurisdiction over plaintiff's claims does not exist.

This conclusion is supported by the Tenth Circuit's recent analysis of complete preemption in which the court conducted a fairly involved examination of the doctrine and its history. *See Schmeling v. Nordam*, 97 F.3d 1336 (10th Cir. 1996). The court noted that the scope of the doctrine was not entirely clear as, "'[t]he evolution of the doctrine . . . has been one of fits-and-starts and zig-zags [and] has, not surprisingly, occasioned both confusion and disagreement among the federal circuit and district courts.'" *Id.* at 1339 (citation omitted) (alteration in original). Therefore, in an effort to determine the scope of the doctrine, the court examined the line of cases establishing the notion of complete preemption. Although the Tenth Circuit's analysis of complete preemption is not binding on this court, it is instructive.

11

*Schmeling* sought to clarify a "tension in the Supreme Court cases" by examining the meaning of a statement from *Caterpillar*. *See Schmeling*, 97 F.3d at 1342. In *Caterpillar*, the Supreme Court stated that, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." 482 U.S. at 393. To the Tenth Circuit, this statement created a tension in the Supreme Court's preemption analysis because it seemed to depart from the requirement that the preempting statute provide a federal cause of action. *Schmeling*, 97 F.3d at 1341. After examining the decision, however, the Tenth Circuit concluded that the *Caterpillar* Court sought "to apply the complete preemption doctrine, not to amend it." *Id.* at 1342. The court concluded that "complete preemption" was best understood as a term of art that describes "the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Id.*[5]

The court is of the opinion that the Tenth Circuit's analysis of the complete preemption doctrine is the correct one, and the analysis provides additional support for the court's conclusion that the Act does not completely preempt plaintiff's state law claims. As noted above, the Act does not provide for a federal cause of action for the acts alleged by plaintiff. Thus, under the *Schmeling* analysis, the Act does not completely preempt plaintiff's state-law causes of action. Although the federal law may provide a defense to plaintiff's claims, it does not provide a basis

---

[5] The court noted that the federal cause of action need not provide the same remedies as the state-law cause of action. *Id.* at 1343.

12

for federal jurisdiction over plaintiff's claims. Thus, because the court is without subject matter jurisdiction over this action, the motion to remand is due to be granted.

### III. Motion For Fees and Costs

Finally, plaintiff argues that the court should exercise its discretion under 28 U.S.C. § 1447(c) to award to plaintiff fees and costs associated with the removal and remand of this action. As grounds for that motion, plaintiff argues that the defendants did not have a good faith, reasonable basis for their removal of this action. The court is of the opinion that the defendants' removal, especially on the basis of complete preemption, was not in bad faith and so unreasonable as to warrant an award of fees and costs. Therefore, the motion for fees and costs is due to be denied.

### CONCLUSION

Based on the foregoing, the court is of the opinion that it lacks subject matter jurisdiction over the instant action. Consequently, plaintiff's motion to remand is due to be granted. Plaintiff's motion for fees and costs, however, is due to be denied. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 30th day of June, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge